IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATALIE KUNITSKIY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | NO. 20-2421 |

## MEMORANDUM OPINION

**Timothy R. Rice**                                                                               **April 21, 2021**
**U.S. Magistrate Judge**

      Plaintiff Natalie Kunitskiy alleges the Administrative Law Judge ("ALJ") erred in denying her Disability Insurance Benefits ("DIB") by improperly failing to incorporate into her residual functional capacity ("RFC")[1]: (1) her mild mental limitations; and (2) the physical limitations included in a "persuasive" medical opinion. Pl. Br. at 3. Because the ALJ failed to sufficiently explain the inconsistency between Kunitskiy's ability to perform her past relevant work and the undisputed physical limitations identified by her doctor, I remand for further consideration.[2]

FACTUAL AND PROCEDURAL BACKGROUND

      Kunitskiy alleges she is unable to work because of pain in her back, neck, shoulders, legs, arms, and wrists in combination with other impairments such as obesity, diabetes, sleep apnea,

---

[1]     A claimant's RFC reflects "the most [she] can still do [in a work setting] despite [her] limitations." 20 C.F.R. §§ 404.1545(a).

[2]     Kunitskiy consented to my jurisdiction on May 26, 2020 (doc. 4). See 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, Local Rule 72.1, and Standing Order, In re Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018).

depression, and anxiety. R. at 39-40. She last worked in 2013 as a database administrator for Bucks County Community College working on computer programs. Id. at 37-38. Her job involved filing paperwork, walking around the college with her laptop, and traveling to different campuses. Id. Kunitskiy also conducted training and attended meetings and conferences in Washington, D.C., which required her to travel and sit for two hours or longer at a time. Id.

Kunitskiy testified that she resigned because she could no longer handle the responsibilities and was absent due to her impairments. Id. at 39. She now uses a cane to balance and cannot stay in the same position for more than 30 minutes. Id. at 40. Kunitskiy alleges disability beginning in 2015, when she was approaching 60 years of age. Pl. Br. at 2. With the assistance of a Russian interpreter, Kunitskiy testified at her January 2019 ALJ hearing that she suffers from carpal tunnel pain in her wrists for which she wears braces, and relies on her husband for dressing, cleaning, cooking, and errands. R. at 41-43. Kunitskiy also testified that due to her pain she no longer uses computers, only her iPad to watch videos for limited periods of time. Id. at 44.

In August 2017, Dr. Klebanoff, an internal medicine physician, assessed Kunitskiy's ability to perform work-related activities. Id. at 22. Dr. Klebanoff reported that Kunitskiy can lift up to 10 pounds frequently and up to 20 pounds occasionally, and can sit for up to four hours and stand or walk with a cane for up to two hours in an eight-hour workday. Id. at 23. Dr. Klebanoff also reported that Kunitskiy needs a cane to balance and can climb stairs or ramps occasionally. Id. Dr. Klebanoff limited Kunitskiy to performing a range of sedentary work. Id.

A vocational expert (VE) classified Kunitskiy's past work as a "database administrator," which she classified as skilled, sedentary work under the Dictionary of Occupational Titles (DOT), No. 039.162-010. Id. at 46. The VE noted, however, that the job Kunitskiy had

2

described "was more light exertion by walking around to coworkers and carrying a computer." Id. The VE also testified that a person limited to sedentary work could perform occasional lifting, reaching, fingering, and feeling as required by Kunitskiy's prior work. Id. She testified that a hypothetical individual with a sedentary RFC could perform Kunitskiy's past work. Id. The VE failed to explain how Kunitskiy could perform the light work that Kunitskiy had described.

The ALJ found Kunitskiy suffered from the following severe impairments: degenerative disc disease[3] of the lumbar and cervical spine, degenerative joint disease[4] of the shoulders and knees, asthma, obstructive sleep apnea, and obesity. Id. at 17. The ALJ also found that Kunitskiy suffered minimal mental limitations caused by depression and anxiety. Id. at 18. Although Kunitskiy's documented impairments could reasonably be expected to cause her reported pain, the ALJ found the alleged "intensity, persistence and limiting effects" of these impairments were not entirely consistent with the record, and that Kunitskiy had the RFC to perform a limited range of sedentary work.[5] Id. at 19-20. Based on these findings, the ALJ concluded Kunitskiy was not disabled because she could perform her past work as a database

---

[3] Degenerative disc disease is a deterioration of the intervertebral disc to a less functionally active form. Dorland's Illustrated Medical Dictionary 479, 526 (32d ed. 2012) ("Dorland's").

[4] Degenerative joint disease is the deterioration of a skeletal junction to a less functionally active form. Dorland's at 479, 971.

[5] The ALJ found that Kunitskiy had the RFC "to perform a range of sedentary work as defined in 20 CFR 404.1567(a) with the following limitations: no overhead reaching; reaching in other directions limited to occasional; handling, fingering and feeling limited to frequent; should avoid all exposure to extremes of temperature, humidity, dust, fumes, gasses and pulmonary irritants; and, needs to be able to change position every thirty minutes between sitting and standing." R. at 19.

administrator as it is generally performed and as she performed it for Bucks County Community College.  Id. at 24.

DISCUSSION

I must accept all ALJ findings of fact that are supported by substantial evidence, meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Morales v. Apfel, 225 F.3d 310, 316 (3d Cir. 2000); see also 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence").  I "review the record as a whole to determine whether substantial evidence supports a factual finding," Zirnsak v. Colvin, 777 F.3d 607, 610 (3d Cir. 2014), but may not "re-weigh the evidence or impose [my] own factual determinations," Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Remand is appropriate only if an ALJ error affected the outcome of the case.  See Rutherford, 399 F.3d at 553; Woodson v. Comm'r Soc. Sec., 661 F. App'x 762, 767 (3d Cir. 2016) (harmless errors do not warrant remand).

I. <u>Failure to Incorporate Physical Limitations from Persuasive Medical Opinion</u>

Kunitskiy argues the ALJ erred by failing to explain how Kunitskiy could perform her past work, which required a light exertional level, when she had adopted the limitation to sedentary work set forth in Dr. Klebanoff's RFC assessment.  Pl. Br. at 6-7.

The ALJ found Dr. Klebanoff's opinion "persuasive" because it was "well supported by and generally consistent with the substantive evidence of record," and limited Kunitskiy to sedentary work.  R. at 24.  Dr. Klebanoff reported that Kunitskiy is capable of lifting up to 10 pounds frequently and up to 20 pounds occasionally, and of sitting for up to four hours and standing or walking with a cane for up to two hours in an eight-hour workday.  Id. at 23.  Under

4

SSA disability standards, this level of activity is defined as a "sedentary" level of exertion. See Titles II and XVI: Determining Capability to Do Other Work-the Med.-Vocational R. of Appendix 2, SSR 83-10 (1983) ("[P]eriods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.").

At Kunitskiy's 2019 ALJ hearing, the VE classified Kunitskiy's prior job as a "database administrator" and characterized the job as sedentary as generally performed, but "light" work as Kunitskiy had performed it because she was required to walk around carrying a computer. R. at 46.[6] The VE nevertheless summarily concluded that Kunitskiy could perform her prior relevant work without explaining the discrepancy between the "light" work Kunitskiy had performed and the "sedentary" work she had categorized. Id. at 46-47. The ALJ relied on this inconsistent reasoning, concluding that: "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant was able to perform it as actually and generally performed." Id. at 25. The ALJ's finding that Kunitskiy could perform her past work as it was actually performed (i.e. light work) conflicts with the ALJ's RFC, which limited Kunitskiy to sedentary work. This conclusion is not supported by substantial evidence.

Nor is it harmless error. Ambiguity in Step 4 of the ALJ's analysis merits a remand. For example, in Santiago v. Colvin, 2016 WL 2593697, at *10 (D.N.J. May 5, 2016), the ALJ found the claimant was able to perform his past work as a car driver as it was generally performed in the national economy. However, evidence supported a finding that the claimant's past work as it

---

[6] The regulations define "sedentary work" as performed primarily in a seated position, walking and standing no more than two hours of an eight-hour workday, and lifting no more than 10 pounds at a time. See Titles II and XVI: Determining Capability to Do Other Work-the Med.-Vocational R. of Appendix 2, SSR 83-10 (1983). The regulations define "light work" as requiring a higher exertional level than sedentary work, including a good deal of walking or standing and lifting no more than 20 pounds occasionally and 10 pounds frequently. See id.

was actually performed may have exceeded the limitations of his RFC due to demanding ancillary duties, which the court described as "car driver plus." Id. at *11. Despite the differing exertional capacities of the claimant's past work as it was generally and actually performed, the ALJ found that the claimant was able to perform his past work in both capacities. Id. This conclusion was inconsistent with the RFC, and the court remanded to determine whether the claimant "with his RFC, [is] able to perform the *actual* functions of his prior job." Id. at *13. The court further required the ALJ to perform a Step 5 analysis regardless of the result of Step 4 to prevent delay and ensure a final resolution. Id.

In addition, by relying solely on the DOT classification of Kunitskiy's past work as it is generally performed to find her capable of performing it, the ALJ ignored Kunitskiy's description of her past work as it was actually performed. Such rationale is a further basis for remand. For example, in Thomas v. Comm'r of Soc. Sec., 2019 WL 3562691, at *5 (D.N.J. Aug. 6, 2019), the VE testified that the DOT classified the job of "community organizer" as a skilled occupation at a sedentary exertional level, but that the claimant performed it at the light exertional level because it required, inter alia, "a lot of walking and step climbing." Although the ALJ found the claimant unable to perform her prior work because it was performed at the light exertional level and she had the RFC for only sedentary work, the Appeals Council reversed because the claimant's RFC matched the DOT's definition of her past work. Id. at 6. The court reversed, reasoning that an RFC that matches the exertional level in the DOT classification does not by itself automatically render a claimant capable of her past work. Id. Instead, the court explained, 20 C.F.R. § 404.1560(b) provides that the DOT definition of a job is "just one factor of many—and not the determinative factor—to consider in assessing whether a claimant is capable of performing her past relevant work." Id. As a result, the court concluded, the Appeals

Council could not ignore the evidence that the claimant's past work as actually performed required "light" exertion. Id. at *7.

Here, the ALJ failed to explain how she resolved the conflict between the VE's testimony that Kunitskiy's past work required the capacity to perform light work and Dr. Klebanoff's conclusion that Kunitskiy was capable of performing only sedentary work. Accordingly, I remand for the ALJ to explain how Kunitskiy can perform past work that she performed at a light exertional level when the ALJ agreed with a medical finding limiting Kunitskiy to only sedentary work. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000).

II.     Additional claims

Because this case is remanded based on the ALJ's treatment of the medical source opinion, I do not address Kunitskiy's additional claim. See Steininger v. Barnhart, No. 04-5383, 2005 WL 2077375, at *4 (E.D. Pa. Aug. 24, 2005) (not addressing additional arguments because ALJ may reverse her findings after remand).

An appropriate Order accompanies this opinion.